**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jesus Lopez Sauceda and Maria Lopez Bojorquez, husband and wife; Maria Soledad Alaniz Gonzalez, a single woman, and Angel Alaniz Gonzalez, a single man,<br><br>Plaintiffs,<br><br>vs.<br><br>The United States of America,<br><br>Defendant. | No. CV-07-2267-PHX-DGC<br><br>**ORDER** |

Plaintiffs suffered severe injuries when the vehicle they were riding in rolled over near San Luis, Arizona on January 26, 2005. Plaintiffs filed a complaint against the United States alleging that federal border patrol agents caused the accident. The complaint alleges negligence and civil rights claims. Dkt. #1.

Plaintiffs have filed a motion to strike Defendant's notice of non-parties at fault. Dkt. #59. Defendant has filed a response. Dkt. #73. Plaintiffs have not filed a reply, and the time for doing so has expired. *See* LRCiv 7.2(d). For reasons that follow, the Court will deny the motion.

Defendant's notice identifies twenty-three passengers in the vehicle with Plaintiffs and asserts that these individuals are at fault for Plaintiffs' injuries because they "exacerbated the hazardous condition of the vehicle, particularly the uneven and dangerous weight distribution

caused by the improper loading of twenty-seven persons into the vehicle[.]" Dkt. #21 at 2-4. Plaintiffs contend that the notice is improper because passengers owe no legal duty to fellow passengers. Dkt. #59 at 3. Plaintiffs move to strike the notice pursuant to Rule 12(f) of the Federal Rules of Civil Procedure. *Id.* at 1.

As Defendant correctly notes in its response (Dkt. #73 at 3), Rule 12(f) applies to matters asserted in a *pleading*, and a notice of non-parties at fault is not a pleading under the rules of civil procedure. *See* Fed. R. Civ. P. 7(a)(1)-(7). Moreover, even if Plaintiffs' motion to strike was proper under Rule 12(f), the motion is untimely. Rule 12(f) motions must be made within twenty days after being served with a pleading. Fed. R. Civ. 12(f)(2). Defendant served Plaintiffs with the notice on August 18, 2008. *See* Dkt. #21 at 5. Plaintiffs filed their motion to strike on June 19, 2009, more than nine months late. *See* Dkt. 59. Finally, Plaintiffs' motion essentially seeks a dispositive legal ruling that the passengers in the vehicle owed no duty of care to Plaintiffs, but a "motion to strike should not be used as a vehicle to determine disputed and substantial questions of law[.]" *Bristol-Myers Squibb Co. v. IVAX Corp.*, 77 F. Supp. 2d 606, 619 (D.N.J. 2000).

**IT IS ORDERED** that Plaintiffs' motion to strike (Dkt. #59) is **denied**.

DATED this 3rd day of August, 2009.

David G. Campbell
United States District Judge