**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Jesus Lopez Sauceda and Maria Lopez Bojorquez, husband and wife; Maria Soledad Alaniz Gonzalez, a single woman, and Angel Alaniz Gonzalez, a single man, | ) ) ) ) ) ) | No. CV-07-2267-PHX-DGC **ORDER** |
| Plaintiffs, | ) ) | |
| vs. | ) ) | |
| The United States of America, | ) ) | |
| Defendant. | ) ) ) | |

Plaintiffs suffered severe injuries when the vehicle in which they were riding rolled over near San Luis, Arizona on January 26, 2005. Plaintiffs filed a complaint against the United States pursuant to the Federal Tort Claims Act. Dkt. #1. Plaintiffs allege that federal border patrol agents caused the accident. *Id.* ¶ 12. The complaint asserts negligence and civil rights claims. *Id.* ¶¶ 17-25.

Defendant has filed motions to dismiss and for summary judgment. Dkt. ##70, 71. The motions are fully briefed. Dkt. ##89, 92, 97. No party requests oral argument. For reasons that follow, the Court will grant the motions in part and deny them in part.

The parties have filed under seal several briefs and statements of facts (Dkt. ##71, 72, 97, 103) that discuss sensitive law enforcement policies subject to protective orders (Dkt. ##16, 33). As explained more fully below, the Court's discussion of facts and arguments relating to those policies will be set forth in a separate sealed order (Dkt. #105).

1  **I.    Motion to Dismiss.**

2       Defendant seeks, pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure,
3  dismissal of both the negligence claim and the civil rights claim for lack of subject matter
4  jurisdiction. Dkt. #70 at 2, 12. In resolving Defendant's factual attack on jurisdiction (*see*
5  *id.* at 12 n.4), the Court may review evidence beyond the complaint and resolve factual
6  disputes where "the jurisdictional issue is separable from the merits of the case[.]" *Thornhill*
7  *Publ'g Co. v. Gen. Tel. & Elecs.*, 594 F.2d 730, 733 (9th Cir. 1979). Where the question of
8  jurisdiction and the merits are intertwined, the Court must treat the motion to dismiss as one
9  for summary judgment. *See Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039-40 & n.3
10 (9th Cir. 2004).

11      **A.    Count Two – Civil Rights Claim.**

12      Count two of the complaint asserts a civil rights claim under 42 U.S.C. § 1983.
13 Dkt. #1 ¶¶ 22-25. Plaintiffs allege that Defendant was deliberately indifferent to Plaintiffs'
14 constitutional rights by failing to adequately hire, train, retain, and supervise its employees.
15 *Id.* ¶¶ 23-24. Defendant argues that the Court lacks subject matter jurisdiction over count
16 two because sovereign immunity bars constitutional claims against the United States.
17 Dkt. #70 at 15. Defendant also notes, correctly, that § 1983 claims may be brought only
18 against state actors. *Id.* at 15 n.5.

19      Plaintiffs agree that liability does not attach under § 1983 (Dkt. #89 at 15), and make
20 clear that they are not asserting a civil rights claim under *Bivens v. Six Unknown Named*
21 *Agents*, 403 U.S. 388 (1971). "*Bivens* is a judicially created cause of action against federal
22 officers arising under the United States Constitution." *Ting v. United States*, 927 F.2d 1504,
23 1513 (9th Cir. 1991). Plaintiffs have named no federal officers as defendants in this case;
24 they sue only the United States government. Because the Court lacks jurisdiction to hear
25 constitutional damage claims against the United States, *see Rivera v. United States*, 924 F.2d
26 948, 951 (9th Cir. 1991), the Court will grant the motion to dismiss count two.

27      This conclusion does not dispose of Plaintiffs' count-one claims under the Federal
28 Tort Claims Act, 28 U.S.C. §§ 1346, 2671-2680 ("FTCA"). "'While *Bivens* is a judicially

created cause of action against *federal officers* arising under the United States Constitution, . . . the FTCA imposes liability on the *United States government* for acts by its employees that constitute torts in the state where the conduct occurred." *Tekle v. United States*, 511 F.3d 839, 850 n.8 (9th Cir. 2007) (quoting *Ting*, 927 F.2d at 1513) (emphasis in *Tekle*). Thus, tort claims may be asserted against the United States government under the circumstances permitted in the FTCA.

### B. Count One – Negligence Claim.

Plaintiffs allege in count one that federal border patrol agents negligently caused the accident by pursuing Plaintiffs' vehicle at high speeds and throwing a "spike strip," also known as a controlled tire deflation device ("CTDD"), in front of the vehicle. Dkt. #1 ¶¶ 12, 17-21. A CTDD is an expandable tray containing small, hollow steel tubes that puncture the tires of a passing vehicle and cause a gradual release of air. *See United States v. Guzman-Padilla*, 573 F.3d 865, 875 (9th Cir. 2009). Plaintiffs bring their negligence claim under the FTCA. Dkt. #1 ¶¶ 1-2.

Defendant argues that the Court lacks subject matter jurisdiction over count one because the claim is barred by the "discretionary function" exception to the FTCA. Because the facts at issue in this jurisdictional question implicate the merits of Plaintiff's negligence claim, the Court will treat Defendant's motion to dismiss count one as a motion for summary judgment.

## II. Motion for Summary Judgment.

As the party seeking summary judgment under Rule 56, Defendant "bears the initial responsibility of informing the [Court] of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Summary judgment is appropriate if the evidence, viewed in the light most favorable to Plaintiffs, shows "that there is no genuine issue as to any material fact and that [Defendant] is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). Only disputes over facts that might affect the outcome of the suit will preclude the entry of summary judgment, and the disputed evidence must be

"such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

Defendant makes several arguments with respect to count one: (i) the claim is barred by the discretionary function exception to the FTCA, (ii) Plaintiffs have not shown that the United States, if a private person, would be liable under Arizona law, (iii) there is no evidence of a high-speed pursuit, (iv) Plaintiffs cannot establish causation, and (v) Plaintiffs are not entitled to an award of future medical expenses or loss of consortium damages. The Court will address each argument.

### A. The Discretionary Function Exception to the FTCA.

Plaintiffs claim that Border Patrol Agent Aguilar negligently deployed a CTDD in front of Plaintiffs' vehicle. Defendant argues that the claim is barred by the discretionary function exception to the FTCA, 28 U.S.C. § 2680(a). The Court concludes that factual issues preclude summary judgment on this argument. Because the Court's conclusion necessarily involves sensitive border patrol policies subject to protective orders (Dkt. ##16, 33), the Court will explain its reasoning in a separate sealed order (Dkt. #105). *See Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (judicial records relating to dispositive issues may be sealed for compelling reasons); *Pintos v. Pac. Creditors Ass'n*, 565 F.3d 1106, 1115 (9th Cir. 2009) (same).

### B. Negligence Under Arizona Law.

Because liability under the FTCA is to be determined in accordance with the law of the place where the alleged tortious acts occurred, *see* 28 U.S.C. § 1346(b)(1), Arizona law applies to Plaintiffs' negligence claim against the United States. *See Garcia v. United States*, 826 F.2d 806, 810 (9th Cir. 1987). To prevail on that claim, Plaintiffs must show that, under circumstances similar to those alleged in this case, Arizona law would "make a '*private person*' liable in tort." *United States v. Olson*, 546 U.S. 43, 44 (2005) (quoting 28 § 1346(b)(1)) (emphasis in original); *see* 28 U.S.C. § 2674 (the United States may be liable in tort "in the same manner and to the same extent as a private individual under like circumstances"). This "private person" standard must be met even where, as in this case, the

alleged tortious conduct entails "'uniquely governmental functions.'" *Id.* at 46 (quoting *Indian Towing Co. v. United States*, 350 U.S. 61, 64 (1955)); *see Rayonier Inc. v. United States*, 352 U.S. 315, 318-19 (1957).

To establish a claim for negligence under Arizona law, the plaintiff must prove four elements: a duty requiring the defendant to conform to a certain standard of care, a breach of that standard, a causal connection between the breach and the alleged harm, and actual damages. *See Ontiveros v. Borak*, 667 P.2d 200, 204 (Ariz. 1983) (en banc). Defendant argues that summary judgment is appropriate on count one because Plaintiffs have not shown that Arizona law would impose liability for negligence on a private person in the circumstances alleged in the complaint. Dkt. #70 at 17. In support of this argument, Defendant cites *Tekle v. United States*, 511 F.3d 839 (9th Cir. 2007), in which there was no majority opinion on the proper application of the FTCA's private person standard. Defendant notes that Judge Tashima, in his separate opinion, applied state law governing purely private individuals without looking to any special law enforcement privileges in evaluating the federal agents' conduct during the execution of warrants. *See* 511 F.3d at 850-56. Defendant asserts that this view of the private person standard should apply, and Agent Aguilar's conduct is therefore "subject to the standard of care for a citizen taking the same actions, rather than a comparable public employee like a police officer." Dkt. #70 at 17.

Plaintiffs agree that a purely private person standard applies (Dkt. #89 at 7, citing *Tekle*, 511 F.3d at 852), and argue that the deployment of the CTDD in this case, if done by a private person rather than a border patrol agent, would constitute a breach of the general duty to avoid creating an unreasonable risk of harm to others. *Id.* at 11; *see* Dkt. #1 ¶ 20. Plaintiffs also analogize the facts of this case to violations of Arizona traffic and criminal laws (*id.* at 7-8), the law of trespass (*id.* at 10-11), the shopkeeper's privilege to arrest or detain a suspected thief (*id.* at 11-2), and the torts of assault and battery (*id.* at 13). Defendant asserts that those analogies are misplaced because Plaintiffs have not alleged intentional tort claims (Dkt. #92 at 4-7), but Defendant provides no apt analogy of its own.

The parties have cited, and the Court has found, no case in which a private person deployed a CTDD in front of a passing vehicle. The Court agrees that, under Judge Tashima's interpretation of the FTCA and *Olson*, *see Tekle*, 511 F.3d at 850-54, the alleged actions of Agent Aguilar, if taken by a private person, could support a finding of negligence. Arizona law imposes a duty on every person "'to avoid creating situations which pose an unreasonable risk of harm to others.'" *Ontiveros*, 667 P.2d at 209 (citation omitted); *see* Restatement (Second) of Torts § 302, cmt. a (1965). At least one Arizona court has found that the throwing of an object at a fast-moving vehicle "constitutes a gross deviation from the standard of conduct a reasonable person would exercise," and the resulting spontaneous evasive action places the occupants of the vehicle in "grave peril[.]" *Navajo County Juvenile Delinquency Action*, 793 P.2d 146, 147 (Ariz. Ct. App. 1990) (affirming delinquency finding where juvenile threw water balloons at passing vehicles).

The facts of this case, of course, are quite different from those in *Navajo County*. This was not a private person throwing an object at a passing vehicle. Plaintiffs were suspected of entering the United States illegally. Agent Aguilar was a Border Patrol agent and had a reasonable basis for detaining and arresting Plaintiffs. In Arizona, a private person may make a citizen's arrest "[w]hen a felony has been in fact committed and he has reasonable ground to believe that the person to be arrested has committed it." A.R.S. § 13-3884(2); *cf. State v. Goldberg*, 540 P.2d 674, 676 (Ariz. 1975) (en banc) (federal agents have "the power to make arrests for violations of state laws as private citizens"). Where a citizen's arrest is made with unnecessary force, the arresting person is liable in tort. *See Crimmins v. Super. Ct.*, 668 P.2d 882, 887 (Ariz. Ct. 1983) (Feldman, J., concurring).

In this case, the trier of fact reasonably could conclude that the actions of Agent Aguilar, if taken by a private person in an attempt to make a citizen's arrest, would constitute the use of unreasonable force. The evidence, construed in Plaintiffs' favor as required at this summary judgment stage, shows the following: Plaintiffs were riding in a large, late-model Chevy Suburban. The Suburban was overloaded and was speeding at more than 60 miles per hour on an unimproved dirt road surrounded by a soil berm. While Plaintiffs may have

entered the United States illegally, they were trying to return to Mexico and were very close to the border. Agent Aguilar deployed a CTDD in front of the vehicle, causing it to overturn and injure Plaintiffs. A private person's deployment of a CTDD under these circumstances could be found to constitute an unreasonable use of force creating an excessive risk of harm to Plaintiffs. *See Tekle*, 511 F.3d at 854 (concluding that there was a triable issue as to whether the force used to detain the plaintiff was reasonable).

Under Arizona law, the use of physical force is legally justified in certain circumstances, *see* A.R.S. §§ 13-401 et seq., and civil liability is precluded where justification is established, *see* A.R.S. § 13-413. Defendant contends that Agent Aguilar's conduct was justified under A.R.S. § 13-404 because he used the CTDD in self-defense when the Suburban was heading toward him on the right side of the road. Dkt. #70 at 22; *see* Dkt. #64 at 9, ¶¶ 34-35. Plaintiff Jesus Lopez Sauceda has testified that at no time did the Suburban driver turn toward Agent Aguilar and the Suburban "was going straight down the road" when Aguilar threw the CTDD across the road. Dkt. #64-11 at 17. Plaintiff Angel Alaniz Gonzalez similarly testified that "the driver of the Suburban never goes for [Agent Aguilar]." Dkt. #64-12 at 23. Whether Agent Aguilar acted in self defense is a factual question that must be resolved at trial. The Court will deny summary judgment with respect to Defendant's argument that Plaintiffs have failed to show that Arizona law would make a private person liable for negligence under circumstances similar to those in this case.

In its reply (Dkt. #92 at 8), Defendant cites Judge Fisher's concurring opinion in *Tekle*, which addressed the tension between the FTCA's private person standard and other federal law which grants law enforcement officers "special privileges." 511 F.3d at 857. Judge Fisher noted that these privileges, among other things, authorize federal law enforcement officers to use reasonable force in arresting suspects without committing a tort, and yet that same act, if done by a private party, would often not be privileged from civil tort liability under state law. *Id.* The Court shares Judge Fisher's concern, and agrees that because *Olson* did not involve special law enforcement privileges, and because the FTCA's text does not clearly foreclose their availability, the United States should not be precluded

from raising them as a defense to tort liability. *See id.*

Defendant, however, has not identified any applicable privilege in its summary judgment papers. Defendant asserts that "Plaintiffs' argument ignores the privileges accorded to law enforcement officers" (*see* Dkt. #92 at 8), but Defendant has not shown that Plaintiffs bear the burden of proof on this issue. *See Tekle*, 511 F.3d at 852 n.10 (noting that the government failed to raise privilege issue).

Citing *United States v. Guzman-Padilla*, 573 F.3d 865 (9th Cir. 2009), Defendant contends that the use of a CTDD by border patrol agents is reasonable as a matter of law, and that Plaintiffs' negligence claim must fail because the United States would otherwise be liable in tort every time a border patrol agent deploys a CTDD. Dkt. #92 at 6-7. The finding of reasonableness in *Guzman-Padilla*, however, was made not as a matter of law, but based on the specific facts of the case. *See id.* at 887-88 (noting that the factual record "amply supports the district court's conclusion that the use of the CTDD was safe"). Moreover, Plaintiffs do not challenge the use of CTDDs in general; they allege that the use of the CTDD in this case was negligent. *See* Dkt. #1 ¶¶ 12, 20.

Defendant further asserts that Custom and Border Protection ("CBP") policies regarding the use of CTDDs are irrelevant given the FTCA's "private person" standard, and the opinions of Plaintiff's "police tactics" expert, D.P. Van Blaricom, should be excluded because they are based those policies. Dkt. #70 at 16-18. Plaintiffs contend that CBP policies are relevant and present a factual issue as to the applicable standard of care. Dkt. #89 at 12-13. The Court need not resolve this dispute on summary judgment given its conclusion, made without reference to CBP policy, that there is a triable issue as to whether the use of the CTDD in this case constitutes negligence under Arizona law.

**C.  High-Speed Pursuit.**

Defendant argues that to the extent the negligence claim is based on Agent Prieto's alleged high-speed pursuit of Plaintiff's vehicle, the claim fails for lack of evidence. Dkt. ##71 at 8-10, 92 at 1. The Court agrees.

Agent Prieto testified that at no time while he was following Plaintiffs' vehicle did he

1  exceed the posted speed limit. Dkt. #64 at 8, ¶ 28; Dkt. #64-7 at 33. Plaintiffs do not dispute
2  this evidence, asserting only that "Agent Prieto had 'no idea' how fast *the Suburban* was
3  going when it passed Agent Aguilar's truck." Dkt. #102 at 8, ¶ 28 (emphasis added).
4  Plaintiffs have not testified as to Agent Prieto's speed. Their expert, Mr. Van Blaricom, has
5  stated that he has "no way of knowing" the speed at which Agent Prieto was traveling.
6  Dkt. #72-2 at 47. The Court will grant summary judgment to the extent the negligence claim
7  is based on an alleged high-speed pursuit of Plaintiffs' vehicle (Dkt. #1 ¶¶ 12, 20). *See*
8  *Anderson*, 477 U.S. at 248.

### D. Causation.

Defendant's accident reconstruction expert, Dr. Joseph Perles, has concluded that several conditions contributed to the rollover accident: the Suburban was traveling on a low-friction road surface, the high friction soil berm on the edge of the road was a rollover hazard, the Suburban was overloaded and was traveling about 60 miles per hour, and the driver likely performed a classic pre-rollover maneuver by making a hard steering correction to the right after initially swerving to the left. Dkt. #64-13 at 9, ¶ 12. Dr. Perles opines that none of these conditions was the result of any actions by border patrol agents, and that because the Suburban driver safely could have straightened out the vehicle after initially swerving to the left, the rollover ultimately "was caused by the unnecessary rightward overcorrection taken by the [Suburban driver]." *Id.* at 11, ¶ 16. Defendant argues that Plaintiffs have no evidence of causation sufficient to overcome Dr. Perles' opinion.

To establish causation under Arizona law, the plaintiff "must show some reasonable connection between defendant's act or omission and plaintiff's damages or injuries." *Robertson v. Sixpence Inns of Am., Inc.*, 789 P.2d 1040, 1047 (Ariz. 1990) (en banc). "The defendant's act or omission need not be a 'large' or 'abundant' cause of the injury; even if defendant's conduct contributes 'only a little' to plaintiff's damages, liability exists if the damages would not have occurred but for that conduct." *Id.* (quoting *Ontiveros*, 667 P.2d at 205).

Plaintiffs have presented evidence of causation sufficient to survive summary

- 9 -

judgment. Plaintiff Jesus Lopez Sauceda has testified that the driver of the Suburban lost control of the vehicle when he swerved to the left to avoid the CTDD thrown by Agent Aguilar. Dkt. #64-11 at 17-21. A causal relationship between Agent Aguilar's actions and the rollover reasonably may be inferred from this testimony. In short, whether the rollover was caused at least "a little" by Agent Aguilar's deployment of a CTDD in front of the Suburban and a spontaneous swerve to the left by the driver (*Robertson* 789 P.2d at 1047), or by the driver's "overreaction back to the right" as Dr. Perles opines (Dkt. #103-4 at 3), is a factual question to be resolved at trial. *See Ontiveros*, 667 P.2d at 208 (the issue of causation "should ordinarily be a question of fact for the jury under usual principles of Arizona tort law"). The Court will deny summary judgment with respect to Defendant's causation argument.

Defendant asserts that Plaintiffs have not disclosed an accident reconstruction expert (Dkt. #70 at 18), but Defendant does not argue that expert testimony is required to establish causation. Defendant further asserts that Plaintiffs may seek to rely on Mr. Van Blaricom's opinion that the actions Agent Aguilar was a "proximate cause" of the accident, and that this opinion should be excluded as an impermissible legal opinion. Dkt. #70 at 21-22. The Court need not address this issue on summary judgment given its conclusion, made without reference to Mr. Van Blaricom's "proximate cause" opinion, that there is a triable issue as to causation.

### E. Future Medical Expenses.

Defendant argues that it is entitled to summary judgment on the claims for future medical expenses by Plaintiffs Maria Soledad Alaniz Gonzalez and Angel Alaniz Gonzalez (*see* Dkt. #1 ¶¶ 15-16) because they have disclosed no supporting evidence. Dkt. #70 at 23 n.11. Plaintiffs do not refute this argument in their response. The Court will grant summary judgment with respect to this issue. *See Celotex*, 477 U.S. at 323.

Plaintiff Jesus Lopez Sauceda suffered a spinal cord injury as a result of the accident. In support of his claim for future medical damages, he has disclosed a life care plan ("LCP") prepared by clinical nurse specialist Betty Scira. Defendant argues that the LCP lacks the

necessary foundation for admission (Dkt. #70 at 23-26), but Defendant does not provide the LCP for the Court to review. The Court cannot, on summary judgment, conclude that Plaintiff Lopez Sauceda has presented no evidence from which the trier of fact reasonably could award him future medical expenses. *See Saide v. Stanton*, 659 P.2d 35, 38 (Ariz. 1983) (whether future medical expenses are reasonably probable is determined "from all the relevant circumstances" which are before the trier of fact). The Court will deny summary judgment with respect to this issue.

### F. Loss of Consortium Damages.

Loss of consortium damages are intended to compensate an injured person's spouse for the loss of love, affection, companionship, and other aspects of a marital relationship. *See DeBinder v. Albertson's, Inc.*, No. CV 06-1804-PCT-PGR, 2009 WL 57096, at *10 (D. Ariz. Jan. 8, 2009) (citations omitted). Plaintiffs Maria Soledad Alaniz Gonzalez and Angel Alaniz Gonzalez concede that they do not have proper loss of consortium claims. Dkt. #89 at 3. The Court will grant summary judgment in this respect.

Plaintiffs Jesus Lopez Sauceda and Maria Lopez Bojorquez, husband and wife, assert that they have "mutual" loss of consortium claims. *Id.* Defendant argues that while Mrs. Lopez may have a loss of consortium claim based on Mr. Lopez's injuries, he has presented no evidence showing that Mrs. Lopez sustained injuries that have affected the marital relationship. Dkt. ##70 at 26, 92 at 10. Plaintiffs do not address this argument in their response. The Court will grant summary judgment with respect to Mr. Lopez's claim for loss of consortium damages. *See Celotex*, 477 U.S. at 323.

### III. Conclusion.

The Court will dismiss the civil rights claim asserted in count two of the complaint for lack of subject matter jurisdiction. The Court will grant summary judgment in Defendant's favor to the extent the negligence claim asserted in count one is based on an alleged high-speed pursuit of Plaintiffs' vehicle. The Court also will grant summary judgment (i) on the claims for future medical expenses asserted by Plaintiffs Maria Soledad Alaniz Gonzalez and Angel Alaniz Gonzalez and (ii) on the claims for loss of consortium

damages asserted by Plaintiffs Maria Soledad Alaniz Gonzalez, Angel Alaniz Gonzalez, and Jesus Lopez Sauceda. Summary judgment will otherwise be denied.

**IT IS ORDERED:**

1. Defendant's motion to dismiss and motion for summary judgment (Dkt. ##70, 71) are **granted in part** and **denied in part** as set forth in this order and the separate sealed order (Dkt. #105).

2. The Court will set a final pretrial conference by separate order.

DATED this 5th day of November, 2009.

David G. Campbell
United States District Judge